[No. 2228. Decided November 9, 1896.]

W. B. ROBERTS et al., Appellants, v. DAVID S. PRESCOTT et al., Respondents.

WARRANTS OF SCHOOL DISTRICTS — INDORSEMENT BY COUNTY TREASURER — LIABILITIES.

The provisions of Laws 1893, p. 268, § 7, making it the duty of the county treasurer not to register and indorse warrants issued by the officers of school districts unless the signatures thereon correspond with the signatures of the officers of the district on file in his office, are intended for the protection, not of the public at large, but of the county and the school districts therein, and no action will lie against a treasurer and his sureties, by the holder of a forged school district warrant, who claims to have purchased same on the strength of such treasurer's indorsement.

Appeal from Superior Court, Spokane County.—
Hon. NORMAN BUCK, Judge. Affirmed.

*Cyrus Happy*, for appellants:

A public officer is liable upon his bond for mis-
feasance, malfeasance or nonfeasance, in respect to
ministerial duties which the law imposes upon him.
Mechem, Public Officers, §§ 664, 665; *Adsit v. Brady*,
4 Hill, 630 (40 Am. Dec. 305); *Robinson v. Chamber-
lain*, 34 N. Y. 389; *Hover v. Barkhoof*, 44 N. Y. 113;
*Lusk v. Carlin*, 4 Scam. 395; *Lammon v. Feusier*, 111
U. S. 17; *Owen v. Hill*, 67 Mich. 43; *Raynsford v.
Phelps*, 43 Mich. 342 (38 Am. Rep. 189); *Amy v. Su-
pervisors*, 11 Wall. 136; *Mace v. Gaddis*, 3 Wash. T.
125; *Fulton Fire Ins. Co. v. Baldwin*, 37 N. Y. 648;
*Bennett v. Whitney*, 94 N. Y. 303; *Clark v. Miller*, 54
N. Y. 528; *Merritt v. McNally*, 36 Pac. 44; *Hayes v.
Porter*, 22 Me. 371; *Nickerson v. Thompson*, 33 Me.
433; *Tardos v. Bozart*, 1 La. An. 199; Cooley, Torts
(2d ed.), p. 458; Shearman & R., Negligence, 198.
Where a duty is imposed by statute and no remedy is
prescribed, a common law right of action arises.
*County Commissioners v. Duckett*, 83 Am. Dec. 557,
and notes.

*James E. Fenton*, for respondents :

The duties imposed by Laws 1893, p. 268, § 7, upon
the county treasurer are duties owing solely to the
public, and no liability is incurred to the individual,
however much he may be injured by the non-perform-
ance or the negligent performance of such duties.
*Garlinghouse v. Jacobs*, 29 N. Y. 297; *Butler v. Kent*, 19
Johns. 223 (10 Am. Dec. 219); *Moss v. Cummings*, 44
Mich. 359; *Bartlett v. Crozier*, 17 Johns. 439 (8 Am.
Dec. 428); *State v. Harris*, 89 Ind. 363 (46 Am. Rep.

169); Mechem, Public Officers, § 598; Cooley, Torts, pp. 379, 381, 382.

Respondents also contend that said orders are not negotiable. *Van Vacter v. Flack*, 40 Am. Dec. 100. A school order drawn upon a treasurer of a district township by the president and secretary thereof, is not a negotiable instrument, and the assignee thereof takes it subject to all equities and defenses that it would have been subject to in the hands of the payee. *Eastman v. District Township*, 40 Iowa, 438; *National Bank v. Independent District*, 39 Iowa, 490; *Shepherd v. District Township*, 22 Iowa, 595; *Clark v. DesMoines*, 19 Iowa, 199; *Allen v. McCreary*, 14 South. 320; *Capital Bank v. School District*, 48 N. W. 363.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought against the treasurer of Spokane county and the sureties on his bond, to recover damages alleged to have been occasioned by the wrongful act of the treasurer in indorsing certain warrants which appeared to have been issued by the officers of certain school districts in said county, which it was alleged they were induced to purchase by reason of the fact of such indorsement by the treasurer.

The ground upon which it was claimed that the action of the treasurer was wrongful was that in making the indorsements he acted in violation of § 7 of the act of March 10, 1893 (Laws, p. 268), which made it his duty not to register and indorse such warrants unless the signatures thereon corresponded with the signatures of the officers of the district on file in his office; and the first question presented by the record is as to the object for which this section was enacted. If such object was solely for the pro-

tection of the county and the school districts therein, the plaintiffs could not maintain an action for its violation by the county treasurer. If it was enacted for the benefit of the public and to encourage dealing in the warrants of school districts, the right of the plaintiffs to maintain the action for its violation might, under a certain line of authorities, be sustained. Hence, it is necessary to first determine as to the object of the enactment of this section as disclosed in its language.

Warrants of a school district, though payable to order or bearer, are not negotiable under the rules of the law merchant. They may be transferred from one to another, but such transfer has no effect upon any equities which may exist in favor of the district against such warrants. This being so it is not reasonable to suppose that the legislature had in view the protection of those who should buy such warrants, when it enacted the section under consideration. It is more reasonable to suppose that this section was passed for the purpose of providing an orderly course for the transaction of business as between the county treasurer's office and the several school districts of the county. It was in the interest of school districts that the treasurer should not pay warrants without proof of their genuineness, and it was also to their interest that warrants should not be registered as having been issued by them and entered on the books of the treasurer without like proof of their genuineness. To enable the treasurer to determine as to the genuineness of such warrants it was necessary that there should be accessible to him the genuine signatures of the officers authorized to issue the warrants. This being so, it will not be presumed that such provisions were for the benefit of the public at large, unless the intent to

30—15 WASH.

that end clearly appears. If the warrants were intended to circulate as negotiable paper, there might be reason for some provision which would prevent their getting into circulation before their genuineness had been determined. But as they are not negotiable and not intended for general circulation, there could be little need for any provision for the protection of those into whose hands they might come. The county treasurer's office is accessible to the public and it is equally within the power of one who is about to buy a school warrant to determine as to its genuineness by comparison with the signatures on file in such office as for the treasurer himself to do so.

All things considered we are satisfied that the lower court was right in holding that this section was passed for the benefit of the school districts and of the county treasurer's office, and not at all for the benefit of the public at large.

Hence, the judgment rendered by it for the defendants was right and must be affirmed.

SCOTT, ANDERS, DUNBAR and GORDON, JJ., concur.